IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| IN THE MATTER OF THE APPLICATION )<br>OF THE UNITED STATES OF AMERICA )<br>FOR AUTHORIZATION TO OBTAIN )<br>LOCATION DATA CONCERNING A )<br>CELLULAR TELEPHONE WITH AN )<br>ASSIGNED NUMBER OF (919) 408-6185, )<br>MOBILE STATION IDENTIFICATION )<br>NUMBER 000009192502240, ELECTRONIC )<br>SERIAL NUMBER (ESN) )<br>089497396004786517 )<br>(TARGET TELEPHONE #1) ) | 1:17MT 314-1<br><br>FILED UNDER SEAL |

## AFFIRMATION FILED IN SUPPORT OF APPLICATION

### INTRODUCTION

1. I, Task Force Officer David M. Walker, being first duly sworn, hereby depose and state as follows:

I am a "Federal Law Enforcement Officer" within the meaning of Federal Rule of Criminal Procedure 41(a)(2)(C), that is, a government agent engaged in enforcing the criminal laws and duly authorized by the Attorney General to request a search warrant. I am a Task Force Officer of the Drug Enforcement Administration (DEA). I have participated in investigations involving cocaine hydrochloride (HCl), cocaine base (crack), marijuana, methamphetamine, heroin, and various other controlled substances. I am a Task Force Officer with the

U.S. Drug Enforcement Administration (DEA) and have been since May of 2010. I have been a sworn law enforcement officer in the State of North Carolina for since 1999. I graduated from Mountain State University with a Bachelor of Science degree in Administration of Criminal Justice. I was employed by the Durham Police Department from 1999 to 2015 as a sworn law enforcement officer. I am currently employed by the Orange County Sheriff's Office as a sworn law enforcement officer. Past assignments include Patrol Officer in the Uniform Patrol Division, Crime Area Target Team, Gang Resistance Unit, Special Operations Division Interdiction Unit and Selective Enforcement Team. As a DEA Task Force Officer, I have participated in investigations involving, but not limited to, physical surveillance, undercover transactions, court ordered pen registers, the use of wire and electronic communication interceptions, and both state and federal search warrants. I have received training, both formal and informal, in the investigation of drug trafficking and money laundering.

2. I make this affidavit in support of an application for a search warrant under Federal Rule of Criminal Procedure 41 and 18 U.S.C. §§ 2703(c)(1)(A) for information about the location of the cellular telephone assigned call number **(919) 408-6185, Electronic Serial**

Number (ESN): 089497396004786517, Mobile Station Identification Number (MSID): 000009192502240 (the "**TARGET TELEPHONE #1**"), whose service provider is Sprint, a wireless telephone service provider headquartered at 6480 Sprint Parkway, Overland Park, Kansas 66251; subscribed to by Merlyn Saucedo, 4230 Garrett Road; Durham, NC 27707 by the use of E-911 Phase II Location Data (or other precise location information) concerning the target telephone (the "Requested Information") for a period of thirty (30) days. This cellular telephone is a Sprint Communications device that is being utilized within the territorial jurisdiction of the United States. **TARGET TELEPHONE #1** is currently being used by **Javier ELORZA AYALA**, a previously identified cocaine distributor operating in the Middle District of North Carolina (MDNC).

3. I have personally participated in the investigation set forth below. I am familiar with the facts and circumstances of this investigation through my personal participation; from discussions with other agents of DEA and other law enforcement; from my discussions with witnesses involved in the investigation; and from my review of records and reports relating to the investigation. Unless otherwise noted, wherever in this affidavit I assert that a statement was made,

the information was provided by another agent, law enforcement officer or witness who may have had either direct or hearsay knowledge of that statement and to whom I or others have spoken or whose reports I have read and reviewed. Such statements are among many statements made by others and are stated in substance and in part unless otherwise indicated. Since this affidavit is being submitted for the limited purpose of securing an Order authorizing the acquisition of the Requested Information, I have not included details of every aspect of the investigation. Facts not set forth herein are not being relied on in reaching my conclusion that the requested Order should be issued. Nor do I request that this Court rely on any facts not set forth herein in reviewing this application.

4. Probable cause exists to believe that the Requested Information will constitute or lead to evidence concerning offenses involving the distribution and possession with intent to distribute controlled substances, in violation of Title 21, United States Code, Section 841; offenses involving the use of communications facilities in commission of narcotics offenses, in violation of Title 21, United States Code, Section 843(b); and offenses involving the attempt and conspiracy to commit the aforementioned crimes, in violation of Title 21, United

States Code, Sections 846 (the "Target Offenses"), as well as the identification of individuals who are engaged in the commission of these offenses.

5. For the reasons set out in this affidavit, there is probable cause to believe that the Target Offenses have been committed, are being committed, and will continue to be committed by **Javier ELORZA AYALA** and others unknown. Further, there is probable cause to believe that **Javier ELORZA AYALA** is currently using the **TARGET TELEPHONE #1** to commit the Target Offenses.

## BACKGROUND OF THE INVESTIGATION

6. This application is submitted in connection with DEA Raleigh RO investigation of Virgilio BARRERA FARFAN and others.

7. In September 2015, Agents from the DEA identified a transnational drug trafficking organization headed by Virgilio BARRERA FARFAN based in Morelia, Michoacán, Mexico with connections to criminal associates in the Middle District of North Carolina. The BARRERA FARFAN organization appears to be run along family lines. During the course of the investigation, agents determined that Javier ELORZA AYALA, great-nephew of BARRERA FARFAN, was distributing cocaine hydrochloride in the MDNC.

5

8. On August 19, 2017, members of the Orange County Sheriff's Office's (OCSO) Narcotics Investigation Division conducted a controlled purchase of suspected cocaine from Javier ELORZA AYALA. The OCSO utilized confidential informant (CI) 0056 for the purchase of the cocaine.

   a. At 8:16 a.m., Investigators met with CI0056 at a predetermined meet location. Investigators: Perez and Vital searched CI0056 and his/her vehicle. CI0056 and his/her vehicle were found to be free of any contraband, weapons or personal money. The total of $2,600.00 in U.S. currency was given to CI0056 by Investigator Perez, from the Orange County Sheriff's Office's special funds. CI0056 was equipped with video and audio surveillance equipment by Investigator Perez. Instructions were given to CI0056 by Investigator Perez. While in the presence of Investigators, CI0056 placed a phone call to **TARGET TELEPHONE #1**. CI0056 asked ELORZA AYALA to confirm the price for each ounce. ELORZA AYALA replied that it was "thirteen" (referring to $1,300.00) for each ounce and claimed that it was of good quality. ELORZA AYALA advised that the cocaine was "solid". They scheduled to meet at the Food Lion near Weaver Dairy Road in Chapel Hill, NC.

b. At 10:06 a.m., members of the operation departed from the predetermined meet location. While CI0056 was on his/her way to the previously agreed location, he/she received a phone call from ELORZA AYALA. ELORZA AYALA advised that he wanted to meet in the parking lot of the Regal Cinemas Timberlyne 6 located at 120 Banks Drive, Chapel Hill, NC (hereinafter referred to as target location).

c. At 10:08 a.m., CI0056 arrived at the target location. ELORZA AYALA arrived driving a silver colored Jeep Grand Cherokee (NC license plate # EJY-8210). ELORZA AYALA then parked his vehicle beside CI0056's vehicle. CI0056 exited his/her vehicle and made physical contact with ELORZA AYALA. CI0056 initiated a conversation with ELORZA AYALA. ELORZA AYALA asked CI0056 if he was "moving" (slang word that refers to selling or distributing illegal drugs). CI0056 replied, "Yes." ELORZA AYALA stated that an uncle of his supplies him (referring to cocaine). ELORZA AYALA and CI0056 then entered the Jeep. CI0056 then gave the money to ELORZA AYALA. ELORZA AYALA counted the money and confirmed that he had the agreed upon amount. ELORZA AYALA described in detail how good quality his cocaine was. ELORZA AYALA then gave possession of the cocaine to CI0056. ELORZA AYALA stated that his cocaine was

7

100 percent and that he had more. ELORZA AYALA asked CI0056, how much he could move per week. CI0056 replied that whatever ELORZA AYALA wanted to. ELORZA AYALA advised to find somebody that could move the product quickly. From the left side of the steering wheel ELORZA AYALA took out a five-dollar bill in which he claimed to have cocaine and offered the CI to consume. CI0056 declined to consume any. ELORZA AYALA advised CI0056 he had another five (referring to baggies of cocaine), but he needed to know before time because he had to pick them up. ELORZA AYALA advised CI0056 he had just stopped using one of his cellphones and that he is currently talking to two individuals he supplies per week. ELORZA AYALA advised CI0056 to hurry so they could start making money. He also advised that he sells cocaine to five friends. To one of them, he sells the gram for $100 dollars. ELORZA AYALA stated that he advised his friend that he was not going to travel for one gram and that buying an ounce from him was a better deal. ELORZA AYALA advised CI0056 to text him next time he is looking to resupply himself. He also advised that next time they will meet at a trailer park that is near the target location. ELORZA AYALA advised that a male by the name of Diego Ramirez lets him park at his trailer's parking space. CI0056

8

then exited ELORZA AYALA's vehicle. Both, ELORZA AYALA and CI0056 departed from target location. As ELORZA AYALA was leaving the target location Investigators observed him going into one of the parking spaces of a trailer park near the target location. The suspected cocaine was given to CI0056 individually packaged in two separate clear plastic baggies all of which was contained in a clear zip lock baggie. Investigators were performing surveillance of the CI. Investigators maintained surveillance of the CI and saw him/her arrive and depart the area where the purchase took place.

    d.    At 10:23 a.m., CI0056 departed from the target location.

    e.    At 10:40 a.m., Investigators met CI0056 at a predetermined meet location. At 10:45a.m., CI0056 transferred custody of the purchased exhibit to Investigator Vital as witnessed by Investigator Perez. Investigator Perez retrieved and disabled the audio/video surveillance equipment from CI0056. CI0056 was searched by Investigator Perez and was found free of any other contraband, weapons or currency. Investigator Vital searched his/her vehicle. The vehicle was found free of any contraband, weapons or currency. CI0056 confirmed that he/she had made a hand-to-hand purchase of cocaine from ELORZA AYALA.

9

f. The video evidence was reviewed and it corroborates the information from CI0056.

**AUTHORIZATION REQUEST**

9. Based on the foregoing, there is probable cause to believe that the requested information will lead to evidence regarding the activities described above. The requested information is necessary to determine the location of Javier ELORZA AYALA so that law enforcement agents can conduct physical surveillance of Javier ELORZA AYALA in connection with this investigation.

10. WHEREFORE, pursuant to Federal Rule of Criminal Procedure 41, it is requested that the Court issue a warrant and Order authorizing agents of DEA to obtain the Requested Information for a period of thirty (30) days.

11. IT IS FURTHER REQUESTED that the Court direct Sprint to assist agents of DEA by providing all information, facilities and technical assistance needed to ascertain the Requested Information, and further direct Sprint, the service provider for the target telephone, to initiate a signal to determine the location of the target telephone on the service provider's network or with such other reference points as may be reasonably available and at such intervals

and times as directed by the law enforcement agent serving the proposed order, and to furnish the technical assistance necessary to accomplish the acquisition unobtrusively and with a minimum of interference with such services as that provider accords the user(s) of the target telephone, for a period of thirty (30) days. Reasonable expenses incurred pursuant to this activity will be processed for payment by the DEA.

12. IT IS FURTHER REQUESTED that the Court authorize execution of the warrant at any time of day or night, owing to the potential need to locate the target telephone outside of daytime hours.

13. IT IS FURTHER REQUESTED that the warrant and this Affirmation, as it reveals an ongoing investigation, be sealed until further order of the Court in order to avoid premature disclosure of the investigation, guard against flight, and better ensure the safety of agents and others, except that working copies may be served on Special Agents and other investigative and law enforcement officers of DEA, federally deputized state and local law enforcement officers, and other government and contract personnel acting under the supervision of such investigative or law enforcement officers, and Sprint, as necessary to effectuate the Court's Order.

14. IT IS FURTHER REQUESTED that, pursuant to 18 U.S.C. § 3103a(b) and Federal Rule of Criminal Procedure 41(f)(3), the Court authorize notice to be delayed for a period of thirty (30) days after the termination of the monitoring period authorized by the warrant or any extensions thereof.

_____
DAVID M. WALKER
TASK FORCE OFFICER
DRUG ENFORCEMENT ADMINISTRATION

Sworn to before me this the __8th__ day of September, 2017. 11:30 A.M.

_____
JOE L. WEBSTER
UNITED STATES MAGISTRATE JUDGE
MIDDLE DISTRICT OF NORTH CAROLINA